# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0351, <u>Nicole Kilgore v. Brendan Philbrick</u>, the court on December 9, 2016, issued the following order:**

Having considered the brief and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Brendan Philbrick, appeals an order of the Circuit Court (<u>Crocker</u>, J.) extending a civil stalking final order of protection previously granted to the plaintiff, Nicole Kilgore. <u>See</u> RSA 633:3-a, III-c (2016). He contends that the evidence was insufficient to warrant extending the order of protection and that the trial court erred by taking judicial notice and "consider[ing] evidence of" two criminal charges against him that had been placed on file without findings.

The trial court has discretion to extend a stalking order of protection issued pursuant to RSA 633:3-a (2016) upon a showing of good cause. RSA 633:3-a, III-c. To determine whether good cause exists, the trial court must assess whether the current conditions are such that there is still a concern for the plaintiff's safety and well-being. <u>MacPherson v. Weiner</u>, 158 N.H. 6, 10 (2008). To make this determination, the trial court must review the circumstances of the original stalking and any violation of the order. <u>Id</u>. It should also take into account any present and reasonable fear experienced by the plaintiff. <u>Id</u>. When the trial court determines that the circumstances are such that, without a protective order, the plaintiff's safety and well-being would be in jeopardy, "good cause" warrants an extension. <u>Id</u>.

On appeal, we review sufficiency of the evidence claims as a matter of law and uphold the findings and rulings of the trial court unless they are lacking in evidentiary support or tainted by error of law. <u>Id</u>. We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony, recognizing that it is in the best position to view the current circumstances, as well as the defendant's prior acts, and to determine whether an extension is necessary for the plaintiff's safety and well-being. <u>Id</u>. at 10, 11.

We first address whether the evidence was sufficient to justify the extension. The defendant argues that "[t]he only evidence . . . was an anonymous letter made of letters and words that were cut from" newspapers and glued to a sheet of paper, which said "Time is almost up! Are you still Living in fear? I will make an appearance and you will learn this time." The defendant does not explain why this evidence was insufficient to establish a continuing concern for the plaintiff's safety and well-being. <u>See id</u>. at 10.

The defendant argues that the letter had "no identifying features . . . to link" it to him. However, the plaintiff testified that this letter was "exactly like the rest of them," and that "the way that [it was] placed at [her] house [was] exactly the same as the ones from last year." Furthermore, the plaintiff testified that she understood the statement, "Time is almost up," to refer to the expiration of the protective order against the defendant, which was imminent. The trial court found that the most recent letter was "uncannily similar to the letters of a year ago," upon which the protective order was, in part, based.

The defendant argues that "[a]part from this letter, there were no violations of [the] Protective Order." However, such violation is not required for the extension of a protective order. See id. at 11 (stating defendant's compliance with protective order is merely factor for trial court to consider).

The defendant argues that the plaintiff "did not articulate present or reasonable fear," but only "speculative and future fear." However, the victim's present and reasonable fear is but one factor that the trial court should consider when deciding whether to extend a protective order. See id. at 10. Furthermore, the plaintiff testified that after receiving the recent letter, she "couldn't take it anymore" and moved out of the town in which she and the defendant were close neighbors. She also stated that, after receiving the letter, she was afraid of "it happening again," and that she wanted the trial court to understand "what kind of toll it's taken" on her.

Accordingly, we cannot conclude that the trial court's findings – that the letter "was again [the defendant's] attempt to continue to terrorize" the plaintiff and that there was good cause to extend the protective order – were unsupported by the evidence or legally erroneous. See id.

We next address whether the trial court erred by "sua sponte" taking judicial notice of its own files regarding two criminal charges against the defendant. But cf. N.H. R. Ev. 201(c) & (d) (providing that trial court may take judicial notice, whether requested by a party or not, at any stage of the proceeding). Contrary to the defendant's assertions, the record shows that the defendant's counsel injected these charges into the case by stating, erroneously, that "some contemporaneous stalking charges that arose [after the original stalking] petition was filed . . . were all dismissed," in part because the defendant had an alibi. "To set the record straight," in its order, the trial court took "judicial notice of its own files." It noted that a charge against the defendant for violating a protective order granted to his "estranged/divorced wife" and a criminal charge involving stalking the plaintiff were each placed on file without a finding "provided certain conditions are met" and that "[e]ach case remains within the jurisdiction of the court until the cases are finally closed."

To the extent that the defendant argues that the trial court's correction of the record violated his due process rights by "eliminating [his] ability to object to the trial court's initiative," the record does not reflect that he moved for

2

reconsideration of the order. <u>See</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002) (stating that any issues that could not have been presented to trial court prior to its decision must be presented to it in a motion for reconsideration); <u>Dist. Div. R.</u> 3.11(E)(1); <u>cf</u>. <u>N.H. R. Ev.</u> 201(e) (entitling party, upon timely request, to hearing as to propriety of judicial notice). To the extent that the defendant argues that that the trial court should not have "considered" these charges because they were not relevant, <u>see</u> <u>N.H. R. Ev.</u> 402, they were more prejudicial than probative, <u>see</u> <u>N.H. R. Ev.</u> 403, and they constituted prior bad acts, <u>see</u> <u>N.H. R. Ev.</u> 404(b), the record does not reflect that he raised any of these objections in the trial court. <u>See</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). In fact, it was the defendant's counsel who introduced the charges in her argument.

The trial court's order does not support the defendant's argument that the court "factored [these charges] into [its] analysis and ultimately the granting of the extension." On the contrary, the order reviewed the evidence upon which the trial court relied in granting the extension, concluding that "the letter received shortly before the original protective order was to terminate was again [the defendant's] attempt to continue to terrorize" the plaintiff. The trial court then corrected defense counsel's representations regarding the other charges to clarify the record. Accordingly, we conclude that the trial court did not err.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3